**No. 61511.**—Nolan Glove Co., Inc. *v.* United States, protest 294731–K (New York).

FORD, Judge: The suit listed above challenges the action of the collector of customs in classifying certain imported merchandise as embroidered wool gloves and levying duty thereon at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930. Plaintiff claims said merchandise to be properly dutiable at the rate of 50 per centum ad valorem under said paragraph 1529 (a), as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, as articles of wearing apparel, ornamented.

The pertinent sections of the statutes are as follows (Tariff Act of 1930):

PAR. 1529. (a) * * * and fabrics and articles embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliquéd, ornamented with beads, bugles, or spangles * * *; all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * *, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem. * * *

Paragraph 1529 (a), as modified by T. D. 51802:

Articles of wearing apparel, wholly or in part of lace, or ornamented, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part_____ 50% ad val.

Paragraph 1529 (a), as modified by T. D. 51802 and T. D. 51909:

Gloves and mittens, embroidered in any manner, wholly or in chief value of wool_____ 70% ad val.

At the trial of this case, two pairs of gloves were admitted in evidence as representative of the imported merchandise, and counsel agreed that said gloves are embroidered and ornamented with beads and that they are composed of wool.

As pointed out by counsel for the plaintiff, the provision for:

Articles of wearing apparel, wholly or in part of lace, or ornamented, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part * * *

became effective January 1, 1948, T. D. 51802.    The provision for:

Gloves and mittens, embroidered in any manner, wholly or in chief value of wool * * *

became effective on May 22, 1948, T. D. 51909.    This latter provision ceased to be effective on December 11, 1950, because of China's withdrawal from the General Agreement on Tariffs and Trade, T. D. 52587.

While both modifications set out above were in effect and operative, the one for embroidered wool gloves governed because it was more specific, both as to name and as to component material.    However, when the Chinese agreement was terminated by the President in T. D. 52587, the modification covering gloves and mittens, embroidered in any manner, wholly or in chief value of wool, was no longer effective, but this in no way changed the effectiveness of the provision for wearing apparel, etc., contained in the General Agreement on Tariffs and Trade. The views above stated are fully supported by the case of *United States* v. *American Bitumuls et al.*, 44 C. C. P. A. (Customs) 199, C. A. D. 661.

Since the subject merchandise was imported after the trade agreement with China had been terminated (T. D. 52587) and when the provisions of the General Agreement on Tariffs and Trade, *supra*, were in full force and effect, it follows that this merchandise is subject to the provisions of paragraph 1529 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, this merchandise having been imported from Japan.

For the reasons stated, we hold all the gloves covered by this suit which were assessed with duty at 90 per centum ad valorem under paragraph 1529 of the Tariff Act of 1930 to be properly dutiable under said paragraph 1529, as modified by T. D. 51802, *supra*, at the rate of 50 per centum ad valorem, as alleged by the plaintiff.

To the extent indicated, the specified claim in said suit is sustained; in all other respects and as to all other merchandise all the claims are overruled.    Judgment will be rendered accordingly.