BEFORE THE SECOND DIVISION, DECEMBER 4, 1958

**No. 62547.**—Nolan Glove Co., Inc. *v.* United States, protest 294731–K (New York).

FORD, Judge: This case is now before the court for reconsideration of its decision reported in *Nolan Glove Co., Inc.* v. *United States*, 40 Cust. Ct. 429, Abstract 61511. Motion of defendant to set aside the decision and vacate the judgment heretofore entered based upon a proposition of law not previously advanced was granted and is reported in 41 Cust. Ct. 356, Abstract 62299. Plaintiff was granted time to submit a memorandum of law on the merits of the case which memorandum has been filed with the court.

The merchandise involved consists of certain embroidered wool gloves which were assessed with duty at the rate of 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930.

Plaintiff claims said merchandise to be properly dutiable at the rate of 50 per centum ad valorem under paragraph 1529 (a) of said act, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T. D. 51802, by virtue of the withdrawal of the concession for "Gloves and mittens" at 70 per centum ad valorem by T. D. 52587 (85 Treas. Dec. 295).

The following pertinent provisions of paragraph 1529 (a) of the Tariff Act of 1930, and as modified, are involved herein:

Paragraph 1529 (a):

* * * and fabrics and articles embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliquéd, ornamented with beads, bugles, or spangles * * *; all the foregoing, and fabrics and articles wholly or in part thereof, finished or unfinished * * *, by whatever name known, and to whatever use applied, and whether or not named, described, or provided for elsewhere in this Act, when composed wholly or in chief value of filaments, yarns, threads, tinsel wire, lame, bullions, metal threads, beads, bugles, spangles, or rayon or other synthetic textile, 90 per centum ad valorem. * * *

Paragraph 1529 (a), as modified by T. D. 51802, *supra*:

Articles of wearing apparel, wholly or in part of lace, or ornamented, however provided for in paragraph 1529 (a), Tariff Act of 1930, but not provided for in any other item 1529 (a) of this Part_____ 50% ad val.

Paragraph 1529 (a), as modified by T. D. 51802, *supra*, and T. D. 51909, *infra*:

Gloves and mittens, embroidered in any manner, wholly or in chief value of wool_____ 70% ad val.

The facts in the case are not in dispute, inasmuch as it was agreed that the gloves herein involved are wool, embroidered and ornamented with beads. The provision for "Gloves and mittens, embroidered in any manner, wholly or in chief value of wool," became effective on May 22, 1948, by virtue of Presi-

dential proclamation supplementing the General Agreement on Tariffs and Trade, 83 Treas. Dec. 166, T. D. 51909, and was terminated by Presidential Proclamation No. 2908 of October 12, 1950, 85 Treas. Dec. 295, T. D. 52587, upon the withdrawal of the Republic of China from the General Agreement on Tariffs and Trade. This proclamation withdrawing the concessions was effective 60 days from the date of said proclamation, to wit, December 11, 1950.

Counsel for the defendant, in its memorandum in support of its motion for reconsideration and redetermination, contends that the imported gloves are precluded from classification as wearing apparel under paragraph 1529 (a) of the Tariff Act of 1930, as modified, *supra*, by virtue of the following language contained therein:

* * * but not provided for in any other item 1529 (a) of this Part.

Plaintiff, in its supplemental memorandum, now contends that the negotiators of the trade agreement carefully selected the terms "embroidered" and "ornamented" and that, since the involved merchandise is both embroidered and ornamented, the provisions of paragraph 1529 (a) of the Tariff Act of 1930, as modified, *supra*, for gloves and mittens, embroidered in any manner, would not have been the proper classification when both provisions were in effect. It is, therefore, contended by plaintiff that since the gloves were not covered by the former provisions for gloves, embroidered in any manner, and since gloves are wearing apparel, there is no prohibition against classification under the provisions of paragraph 1529 (a) of the Tariff Act of 1930, as modified, *supra*, for wearing apparel, as claimed by plaintiff herein.

It is to be noted that the provision for gloves and mittens contains the language "embroidered in any manner." We are of the opinion that this language is so broad as to include wool gloves, admittedly embroidered, which are also ornamented with beads. Had the record in the instant case established that the involved gloves are considered by the trade not to be embroidered gloves, the result might have been different. However, the record contains no such evidence.

Upon reconsideration, we are of the opinion that the contention of the defendant has merit and classification under the provision claimed herein is precluded.

The Tariff Act of 1930, in paragraph 1529 (a), provides for "fabrics and articles embroidered * * * ornamented with beads." The negotiations of the parties to the General Agreement on Tariffs and Trade carved out of the said provision the language covering gloves and mittens as well as that for wearing apparel. These negotiations and concessions were entered into at the same time, which is indicative of the fact that the negotiators intended to grant a concession in the rate of duty on wearing apparel, etc., to 50 per centum ad valorem while at the same time granting a concession of only 70 per centum ad valorem for gloves, embroidered. The negotiators then used the language set out above which clearly indicates their intent to grant this concession only to such wearing apparel, etc., as was "not provided for in any other item 1529 (a) of this Part." There can be no doubt that the instant gloves are wearing apparel, but the intent of the negotiators has been clearly set out and the reasons for the differentiation in the reductions granted are clearly indicated in the Summaries of Tariff Information (1948), volume 15, part 5, which states, at page 26, as follows:

This summary covers all wearing apparel which is ornamented with embroidery * * *. The more important articles of wearing apparel ornamented with embroidery or lace included in this summary are hose and half-hose, blouses, waists, nightwear, corsets and girdles, and gloves other than those of cotton. * * *

Further, at page 28, the background of glove imports and duties indicates the reason why the rate of duty on gloves was not reduced to the same extent as was wearing apparel:

(3) Imports of embroidered wool gloves and mittens were negligible (less than $1,000 a year) before 1936, when they suddenly became of importance, amounting to $165,000 in that year and increasing to $411,000 in 1941. * * * The growth of the substantial imports before the war was due to a change in the rate of duty on nonembroidered wool knit gloves and mittens valued at not more than $1.75 per dozen pairs, provided for in paragraph 1114 (b): the statutory rate had been 40 cents per pound plus 35 percent ad valorem based on foreign value, but on March 22, 1936, the rate was changed (under section 336 of the Tariff Act of 1930) to 40 cents per pound plus 35 percent ad valorem based on American selling price. The revised rate being higher than that applicable to embroidered wool gloves and mittens, the foreign producers added a little embroidery to the articles so that they could be entered under paragraph 1529 (a) rather than under paragraph 1114 (b). Practically all of the prewar imports came from China and Japan. * * *

Since the provisions for wearing apparel, ornamented, and gloves, embroidered, were negotiated at the same time, the fact that the provision for gloves, etc., was not made effective until the Republic of China acceded to the agreement has no significance. The language used by the negotiators makes it clear that even if China had never acceded to the General Agreement on Tariffs and Trade, *supra*, the instant merchandise could not be properly dutiable under the provision claimed by plaintiff herein because of the language "not provided for in any other item 1529 (a) of this Part."

The factual situation and the language employed in the provision considered by the United States Court of Customs and Patent Appeals in the case of the *United States* v. *American Bitumuls & Asphalt Co. et al.*, 44 C. C. P. A. (Customs) 199, C. A. D. 661, are different and are not controlling herein.

For the reasons stated, we hold that the merchandise herein is properly dutiable at 90 per centum ad valorem under paragraph 1529 (a) of the Tariff Act of 1930 as articles, embroidered. The protest is overruled and the decision of the collector of customs is affirmed.

Judgment will be entered accordingly.